IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID IVEY, | ) | |
| | ) | |
| Petitioner, | ) | 8:06cv767 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus filed by the petitioner, David Ivey. The petitioner is the subject of an imminent or pending mental health commitment as a sex offender under a newly enacted statute, LB 1199 (2006), codified in part as the Nebraska Sex Offender Commitment Act.

The petitioner states that he has fully served his sentence imposed by the District Court of Douglas County, Nebraska, on or about May 20, 2004, for sexual assault of a child. He is challenging that conviction in another case. However, at this time, he is being held past his release date pursuant to LB 1199 (2006), and in this proceeding he challenges his post-discharge detention initiated under LB 1199.

LB 1199 is codified throughout the Nebraska Revised Statutes. Section 57 of LB 1199 appears in Neb. Rev. Stat. §§ 71-1201 to 71-1226 as the Sex Offender Commitment Act (effective July 14, 2006). Neb. Rev. Stat. § 71-1202 explains:

> The purpose of the Sex Offender Commitment Act is to provide for the court-ordered treatment of sex offenders who have completed their sentences but continue to pose a threat of harm to others. It is the public policy of the State of Nebraska that dangerous sex offenders be encouraged to obtain voluntary treatment. If voluntary treatment is not obtained, such persons shall be subject to involuntary custody and treatment only after mental health board proceedings as provided by the Sex Offender Commitment Act. Such persons shall be subjected to emergency protective custody under limited conditions and for a limited period of time.

The petitioner challenges his present detention on at least three grounds.  First, he asserts that LB 1199, at least as applied to him, violates ex post facto, double jeopardy and due process principles.  Second, he states that he has been detained for a period longer than the seven calendar days which LB 1199 permits, and he has not had the hearing required by LB 1199.  Third, the petitioner adds that the evidence used to justify his detention includes (a) materials which previously led to his acquittal, (b) materials concerning charges which were dismissed against him, and (c) police reports and other materials containing erroneous and even outright false statements, none of which he is being given an opportunity to rebut.

On initial review of the Petition for Writ of Habeas Corpus, the court concludes that the petition should not be summarily dismissed.  The respondent shall answer or otherwise respond to the petition.  Among any other matters raised by the respondent, the issue of exhaustion of remedies should be addressed.

IT IS THEREFORE ORDERED:

1.	That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2.	That, within thirty (30) days of the date of this Order, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge