# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID IVEY,** | ) | **CASE NO. 8:06CV767** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

In this case, the Petitioner David Ivey ("Ivey") has filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus (Filing No. 1), stating that he is being held past his prison release date pursuant to Nebraska statutes providing for civil commitment of sex offenders (LB 1199). Ivey argues that LB 1199 was not enacted until after he was sentenced, and therefore cannot be applied to his sentence *ex post facto*. This is Ivey's second § 2254 motion; previously, Ivey filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus (Case No. 8:06cv702, Filing No. 1). In that petition, Ivey asked this Court to vacate his conviction and sentence. Ivey initially filed both petitions pro se, although he has been appointed an attorney and is now represented in this case (Filing No. 8).

For case management reasons, I find that his two petitions should be joined in one action. In an Order filed on this date in his first-filed case, I appointed an attorney and granted Ivey leave to amend his petition. Consequently, this action will be dismissed without prejudice.

IT IS ORDERED: The Petitioner David Ivey's Petition under 28 U.S.C. § 2254 for writ of habeas corpus (Filing No. 1) is dismissed without prejudice to reassert his claims in an amended complaint in his first-filed action (Case No. 8:06cv702).

DATED this 16th day of July, 2007

BY THE COURT:

s/Laurie Smith Camp
United States District Judge